ON REHEARING
We granted a rehearing, limited to the issue of credit for wages paid allegedly in lieu of compensation. We interpret Lindsey v. Continental Casualty Company, supra, and Madison v. American Sugar Refining Company, supra, to require merely a determination of whether wages paid were substantially earned. The question viewed in reverse is whether the employer received substantial value for the wages paid.
While on “light duty,” plaintiff performed some of the duties customarily assigned to those who occupied his job classification, but was unable to perform many of the heavier tasks which usually fell to a sheet metal helper. Defendant argues that since a substantial amount of the duties of a sheet metal employee were not performed by plaintiff, the conclusion follows that the wages of a sheet metal helper were not substantially earned.
While we agree that plaintiff was unable to perform some of the aspects of the duties which fell within his job classification, the record established that he accomplished a full day’s work in performing those duties within that classification that he was capable of performing. His efforts *862 fulfilled a labor requirement of the employer, who received substantial value therefrom.
We do not interpret Lindsey and Madison to require that the employee perform all the duties formerly performed by him or normally required of persons in his category. A reexamination of the record convinces us that plaintiff performed substantial services for his wages, and Avon-dale is not entitled to credit against its compensation liability.
Accordingly, our original majority opinion and decree herein are reinstated as the final judgment of this court.
Original decree reinstated.